IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**CHASE FADLEVICH AND BRANDY FADLEVICH, individually, and on behalf of their minor child, W.F.,**

      **Plaintiffs,**

v.                                            Civil Action No. 5:19-cv-00046

**RALEIGH GENERAL HOSPITAL, LLC;
UNITED STATES OF AMERICA, and
JOHN DOES 1-10,**

      **Defendants.**

## COMPLAINT

NOW COME Plaintiffs, Chase Fadlevich and Brandy Fadlevich, on behalf of their minor child, W.F., by and through their counsel, and for their Complaint against Raleigh General Hospital, LLC and the following United States Government Employees: Rae Bailey D.O., Katherine Adelicia Hedian, D.O., Teresa Adams, R.N., Deborah Forst Siegel, CNM, and John Does 1-10 state as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Chase Fadlevich, is the father, natural parent, and guardian of his minor son, W.F.;

2. Plaintiff, Brandy Fadlevich, is the mother, natural parent, and guardian of her minor son, W.F.;

3. The events complained of herein occurred in Raleigh County, West Virginia;

4. Defendant Raleigh General Hospital, LLC ("Raleigh General"), is and was at all

times relevant to the events underlying this Complaint, a West Virginia Limited Liability Company with its principal place of business at 1710 Harper Road, Beckley, West Virginia 25801;

5. The Defendant the United States of America, through the U.S. Department of Health and Human Services, at all times alleged herein is the federal governing body responsible for controlling, supervising, and managing the business affairs of its public health care providers. Included within the duties and responsibilities of the U.S. Department of Health and Human Services is the oversight and supervision of its employee/agent physicians, employees/agent nurse midwife and other health care providers at Raleigh General Hospital, LLC specifically, but not limited to Katherine Adelicia Hedian, D.O., Rae Bailey, D.O., Teresa Adams, R.N., and Deborah Forst Siegel, CNM.

6. The Federal Tort Claims Act, 28 U.S.C.S. § 1346(b) and §§ 2671-2680 provides that any action for medical malpractice against Public Health Service employees may be filed against the United States of America once all administrative remedies have been exhausted.

7. On July 23, 2018, Plaintiffs Chase and Brandy Fadlevich submitted their Claim for Damage, Injury or Death to the U.S. Department of Health and Human Services, which is attached hereto as **Exhibit 1**.

8. On or about November 30, 2018, Plaintiffs received a letter from the Department of Health and Human Services denying their claim, which is attached as **Exhibit 2**.

9. Plaintiffs have complied with the filing requirements set forth in West Virginia Code § 55-7B-6.

10. Upon information and belief, Katherine Adelicia Hedian, D.O. ("Dr. Hedian"), is and was at all times relevant to the events underlying this Complaint, a citizen of West Virginia,

licensed to practice medicine in West Virginia;

11. Upon information and belief, Rae Bailey, D.O. ("Dr. Bailey"), is and was at all times relevant to the events underlying this Complaint, a citizen of Raleigh County, WV, licensed to practice medicine in West Virginia;

12. Upon information and belief, Teresa Adams, R.N. ("Nurse Adams"), is and was at all times relevant to the events underlying this Complaint, a citizen of Raleigh County, WV, and a licensed nurse in West Virginia;

13. Upon information and belief, Deborah Forst Siegel, CNM ("Midwife Siegel"), is and was at all times relevant to the events underlying this Complaint, a citizen of Raleigh County, WV;

14. Upon information and belief, Dr. Hedian, Dr. Bailey, Nurse Adams, and Midwife Siegel (hereinafter collectively referred to as "Federal Employees"), at all times relevant and material hereto, were federal employees covered under the Federal Tort Claims Act.

15. Plaintiff Brandy Fadlevich and W.F. received care and treatment from Raleigh General and the Federal Employees on or about June 15, 2016, which treatment form, in part, the basis of Plaintiffs' Complaint in this action;

16. Pursuant to 28 U.S.C. § 1332(a)(1), complete diversity of citizenship exists in this action, as the Plaintiffs are citizens of Florida and the Defendants are citizens of West Virginia.

17. Venue is proper in Raleigh County, West Virginia. The Defendants conduct business in Raleigh County, WV, and the acts and/or failures to act giving rise to this action occurred in Raleigh County, West Virginia.

**OPERATIVE FACTS**

18. On or about June 15, 2016, Brandy Fadlevich and W.F. received medical care from Raleigh General and their employees and/or agents;

19. Specifically, Raleigh General, their agents and/or employees, and the Federal Employees provided delivery services to Brandy Fadlevich and her unborn child, W.F;

20. During the delivery of W.F., complications arose.

21. As evidenced in the medical records, W.F. was subsequently transferred to Neonatal Intensive Care Unit in Charlottesville, Virginia ("UVA") from Raleigh General's facility in Beckley, West Virginia for head cooling and specialized care.

22. For a short while after birth, W.F. had seizures.

23. W.F.'s parents and legal guardian thought W.F. would continue to develop as a normal infant once he was released from UVA and the seizures subsided.

24. On or about October 21, 2016, W.F. presented for a 4 month checkup, which was performed by Dr. Erica Tuckwiller at Beckley Pediatrics LTD in Beckley, WV. The report noted that W.F. had achieved normal four month milestones.

25. Upon information and belief, Dr. Erica Tuckwiller is associated with and/or a medical partner of Drs. Bailey and Hedian and also a Federal Employee.

26. On or about December 28, 2016, W.F. presented for normal wellness check at Pediatric Partners in Florida[1] where a history and physical was performed. During the appointment, W.F.'s physician noted that he would need referral to a pediatric neurologist. This was the first time W.F.'s parents were advised that their child may have been a victim of medical negligence.

27. On or about February 8, 2017, W.F. received care and treatment from pediatric

---
[1] W.F. and his parents re-located to Florida in late 2016.

4

neurologist, Dr. Jose Ferreira, where W.F. underwent an EEG and was diagnosed with convulsions of a newborn and microcephaly.

28. On or about April 6, 2017, W.F. presented for another follow-up appointment with Dr. Ferreira and was diagnosed with "delayed milestone in childhood." This diagnosis put W.F.'s parents and legal guardians on notice that their child was not properly developing, and they began to inquire of the possible cause(s) of these delays.

## COUNT I
### (Negligence Against all Defendants)

24. Plaintiffs hereby restate and re-allege, as if fully set forth verbatim herein, each and every allegation contained in the preceding paragraphs of this Complaint, and Plaintiffs further complain and say as follows:

25. Plaintiff Brandy Fadlevich received her prenatal care from Raleigh General and/or agents or employees and the Federal Employees for her pregnancy with her son W.F.;

26. On or about June 15, 2016, W.F. was born at Raleigh General;

27. Defendant Raleigh General, their agents and/or employees, and the Federal Employees rendered substandard or otherwise negligent care to Plaintiff Brandy Fadlevich and W.F. as evidenced in Plaintiffs' previously produced Screening Certificates of Merit and Form 95s;

28. Specifically, Raleigh General, their agents and/or employees, and the Federal Employees:

- Failed to emergently deliver W.F.;
- Failed to follow the standard of care for a patient with hypertensive disorder in pregnancy;
- Failed to adequately monitor W.F. for fetal well-being and to differentiate

maternal and fetal heart awareness rates;

- Failed to accurately interpret electronic fetal monitoring tracing;

- Failed to consult, collaborate, and refer W.F. in an effective and timely manner;

- Failed to provide intrauterine resuscitation measures and evaluate responses to those measures;

- Failed to advocate for expedited delivery in a setting in which fetal well-being could not be established;

- Failed to properly activate the chain of command in an emergency setting which lead to delay in pediatric services to W.F.; and

- Failed to appreciate W.F. was likely to be born depressed and did not have their neonatology team present at the time of delivery;

29. As a direct and proximate result of the joint and several negligence and deviations of Raleigh General, their agents and/or employees, and the Federal Employees, as evidenced in Plaintiffs' previously produced Screening Certificates of Merit and herein, W.F. suffers severe, permanent injury and disability, as well as mental and physical pain and suffering, and loss of enjoyment of life, which could have been avoided had Raleigh General, their agents and/or employees, and the Federal Employees followed the standard of care.

30. As a direct and proximate result of the joint and several negligence and deviations of Raleigh General, their agents and/or employees, and the Federal Employees, as evidenced in Plaintiffs' previously produced Screening Certificates of Merit and herein, Chase Fadlevich, Brandy Fadlevich, and W.F. have suffered and will continue to suffer economic and non-economic damages, which could have been avoided had Raleigh General, their agents and/or employees, and the Federal Employees followed the standard of care.

## COUNT II
### (Vicarious Liability of Raleigh General)

31. Plaintiffs hereby restate and re-allege, as if fully set forth verbatim herein, each and every allegation contained in the preceding paragraphs of this Complaint, and Plaintiffs further complain and say as follows:

32. Raleigh General is vicariously liable for each employee's acts and/or failures to act as detailed in Count I of this Complaint and in the previously served Screening Certificates of Merit. Additionally, Raleigh General may have employed John Does who may have been negligent in the care and treatment of W.F.

### STATEMENT OF UNKNOWN CIRCUMSTANCES

33. Plaintiffs hereby restate and re-allege, as if fully set forth verbatim herein, each and every allegation contained in the preceding paragraphs of this Complaint, and Plaintiffs further complain and say as follows:

34. Plaintiffs, through counsel, have undertaken a thorough investigation into the allegations complained of herein;

35. However, Plaintiffs are unaware if any other individual or corporate entities are responsible for the negligence complained of herein, including the Federal Government;

36. Specifically, Dr. Heidan, Dr. Bailey, and Midwife Siegel may be affiliated with an organization called Community Health, Inc. Community Health was served with a Screening Certificate of Merit on June 11, 2018. Assuming Community Health is a "Public Health Service," under the Federal Department of Health Resource and Services (the "DHHS") it had an affirmative duty to immediately send that previously served notice to the U.S. Department of Health and Human Services pursuant to Administration Policy Information Notice 2011-02;

37. Plaintiffs are unaware, at this time, if any of the individual defendants complained

of herein were actually employed by Community Health Systems, Inc., but Plaintiffs wish to fully inform the Court that the Federal Tort Claims Act *may* apply for some of the allegations contained herein.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for damages as follows:

(1) Medical and hospital bills for diagnostic and preventative treatment and therapies and for treatment of injuries, both past and future;

(2) Physical injuries, both temporary and permanent;

(3) Psychological injuries, both temporary and permanent;

(4) Severe and significant emotional distress, and mental pain and suffering, both temporary and permanent;

(5) Fear, humiliation, and embarrassment, past and future;

(6) Annoyance and inconvenience, past and future;

(7) Loss of physical health and well-being, past and future;

(8) Loss of enjoyment of life, past and future;

(9) Loss of income and/or earning capacity, past and future;

(10) Loss of value of employment benefits, including, but not limited to, loss of value of pension/retirement benefits;

(11) Disability;

(12) Loss of homemaker services, past and future;

(13) Lost consortium, past and future;

(14) Compensatory damages;

(15) Punitive and exemplary damages;

(16) Civil penalties;

(17) Attorney's fees and costs;

(18) Pre- and post-judgment interest; and

(19) Such other and further relief as justice requires.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

**CHASE FADLEVICH AND BRANDY FADLEVICH, individually, and on behalf of their minor child, W.F.,**

**Plaintiffs,**

**By Counsel:**

*/s/C. Edward Amos, II*
Scott S. Segal, Esq. (WV Bar # 4717)
C. Edward Amos, II, Esq. (WV Bar # 12362)
**THE SEGAL LAW FIRM**
A Legal Corporation
810 Kanawha Boulevard, East
Charleston, West Virginia 25301
Telephone: (304) 344-9100
Facsimile: (304) 344-9105

and

Stephen F. Cain, Esq. (FL Bar # 425419)*
Stewart Tilghman Fox Bianchi & Cain, PA
One Southeast Third Avenue
Suite 3000
Miami, FL 33131
Telephone: (305) 358-6644
Facsimile: (305) 358-6644

*Seeking WV admission *pro hac vice*